UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARCUS EDWARD ALLEN,
#739194,

       Petitioner,                    Civil Action No. 20-cv-10058
                                              HON. BERNARD A. FRIEDMAN
v.

CONNIE HORTON,

       Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

I.     Introduction

      Demarcus Edward Allen is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan.  He filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder and being a fourth felony habitual offender.  For the following reasons, the Court shall deny the petition.

II.     Background

      Allen was originally charged with first-degree felony murder and first-degree child abuse for the beating death of his girlfriend's 14 month-old son.  As part of a plea bargain, Allen pleaded no-contest to a reduced charge of second-degree murder and to being a habitual offender.  The state court sentenced him to a parolable life sentence.

      After his conviction, Allen filed a motion to withdraw his plea, which the state court denied. *People v. Allen,* No. 14-039688-FC (Saginaw Cty. Cir. Ct., Sept. 24, 2014).  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Allen*,

No. 326839 (Mich. Ct. App. May 21, 2015).  In lieu of granting leave to appeal, the Michigan Supreme Court remanded the case so the trial court could reconsider the withdrawal of Allen's plea using the appropriate standard of review. *People v. Allen*, 498 Mich. 594 (2015).

On remand, the trial court again denied the motion on the ground that withdrawing the plea would not serve the interests of justice. (ECF No. 7-10, PageID.384).  It denied Allen's reconsideration motion as well. *People v. Allen,* No. 14-039688-FC (Saginaw Cty. Cir. Ct., June 17, 2016) (ECF No. 7-13, PageID.835-36).  Allen filed an application for leave to appeal to the Michigan Court of Appeals, which again denied the application "for lack of merit in the grounds presented." *People v. Allen*, No. 335409 (Mich. Ct. App. Jan. 10, 2016) (ECF No. 7-13, PageID.782).  He declined to seek leave to appeal to the Michigan Supreme Court.

Allen then filed a post-conviction motion for relief from judgment under Mich. Ct. Rule 6.500, *et. seq.*, which the trial court denied. *People v. Allen,* No. 14-039688-FC (Saginaw Cty. Cir. Ct., Nov. 29, 2017) (ECF No. 1, PageID.60-69).  The Michigan appellate courts denied further review. *People v. Allen*, No. 343728 (Mich. Ct. App. Oct. 16, 2018) *lv. den.* 504 Mich. 944 (2019) (ECF No. 17-15, PageID.1529).

Allen now seeks relief on the grounds that (1) trial counsel was ineffective for failing to retain an expert who would opine that the victim's death was accidental, (2) trial counsel provided Allen with erroneous advice about his parole eligibility on the second-degree murder charge, and (3) Allen was denied effective assistance of appellate counsel when his attorney failed to raise the first two claims on direct appeal.

III.   Legal Standards

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

State court decisions are "contrary to" clearly established federal law if the state court arrives at a conclusion opposite the one reached by the Supreme Court on a legal question or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (cleaned up).

To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

IV.   <u>Analysis</u>

  A.   *Allen's First Claim is Procedurally Defaulted*

Respondent argues that all Allen's claims are procedurally defaulted because (1) he raised them for the first time in his post-conviction motion, and (2) the trial court rejected them because Allen failed to adequately explain why he did not raise these claims on direct appeal. Mich. Ct. Rule 6.508(D)(3).

Respondent is only partly correct. Allen did not raise on direct appeal a claim that trial counsel was ineffective for failing to investigate defenses in this case and/or call an expert witness. By respondent's own admission, though, appellate counsel did raise a claim that trial counsel was ineffective for giving erroneous advice to Allen concerning his parole eligibility. (ECF No. 6, PageID.106, 109).

The rule of procedural default is "a matter of comity between the federal and state courts and should not be applied to preclude federal courts from hearing federal constitutional claims when to do so does no disrespect to the state courts and their procedural rules." *Walker v. Engle,* 703 F.2d 959, 967 (6th Cir. 1983) (internal citations omitted). So when a state court applies a procedural bar that has no foundation either in the record or under state law, the federal courts need not honor it. *Id.* This Court declines to procedurally default Allen's second claim – regarding the advice he received from counsel about his parole eligibility – because there appears to be no grounds for a procedural bar. That Allen renewed this claim in his post-conviction motion for relief from judgment would not bar him from obtaining post-conviction relief under Mich. Ct. Rule 6.508(D)(3).

Allen's first claim – addressing trial counsel's failure to retain an expert witness – presents a separate issue. When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless the petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that

failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If the petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice question. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  Only in extraordinary cases, where a constitutional error has probably resulted in the conviction of one who is actually innocent, may a federal court consider the constitutional claims presented in the absence of good cause for the procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  Actual innocence claims require new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In Michigan, state courts may not grant post-conviction relief where the asserted grounds could have been raised on direct appeal unless (1) good cause exists for the failure to raise such grounds previously, and (2) actual prejudice would otherwise result. Mich. Ct. Rule 6.508(D)(3). The Michigan Supreme Court rejected Allen's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Allen*, 504 Mich. at 944.  The Michigan Court of Appeals denied his post-conviction appeal in a form order "because the defendant has failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Allen*, No. 343728 (Mich. Ct. App. Oct. 16, 2018) (ECF No. 17-15, PageID.1529). These orders, however, do not refer to Mich. Ct. Rule 6.508(D)(3).  Nor do they reference Allen's failure to raise the expert witness claim on his direct appeal.  Because it is unclear whether the state appellate courts rejected Allen's first claim for procedural reasons or on its merits, the Court must "look to the last reasoned state court opinion to determine the basis for the state court's" decision. *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

Here, the trial court referenced Mich. Ct. Rule 6.508(D) as well as sub-section (D)(3)'s cause and prejudice standards. *People v. Allen,* No: 14-039688-FC, *4-5 (Saginaw Cty. Cir. Ct., Nov. 29, 2017)(ECF No. 1, PageID.63-64).   The trial court ruled that (1) appellate counsel was not ineffective in failing to raise the ineffective assistance of trial counsel claims on direct appeal, and (2) Allen failed to establish good cause and actual prejudice for failing to raise these claims on direct appeal.   (*Id.*, PageID.69).   Since the trial court expressly invoked Mich. Ct. Rule 6.508(D)(3) to deny the post-conviction motion, Allen's claim that trial counsel was ineffective for failing to retain an expert witness is procedurally defaulted.[12] *See Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019); *Dufresne v. Palmer*, 876 F.3d 248, 255 (6th Cir. 2017).

Allen argues that any default should be excused because appellate counsel was ineffective for failing to raise his first claim on direct appeal.   But a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).   The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 463 U.S. at 754.

---

[1] Allen could not procedurally default his ineffective assistance of appellate counsel claim because the state post-conviction review presented his first opportunity to raise this issue. *See Guilmette,* 624 F.3d at 291.   At any rate, Allen is not entitled to habeas relief on this claim for the reasons stated below.

[2] The first claim is procedurally defaulted even though the trial court subsequently addressed its merits.   A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default while also addressing the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (cleaned up). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002).

Allen fails to show that appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel initially filed a fifteen-page appellate brief addressing trial counsel's erroneous advice about Allen's parole eligibility (the second claim in his habeas petition).[3] On remand from the Michigan Supreme Court, appellate counsel argued Allen's motion to withdraw his plea. (ECF No. 7-10). Once the trial court rejected the motion, appellate counsel filed essentially the same appellate brief, arguing that the Michigan Court of Appeals should set aside Allen's no-contest plea because trial counsel had induced him to plead no-contest based upon false or misleading advice concerning his parole eligibility. (ECF No. 7-13, PageID.784-811). In light of this record, Allen cannot show that appellate counsel's strategy in presenting these claims, as opposed to other ones, was deficient or unreasonable.

Lastly, Allen does not proffer new reliable evidence to support an assertion of actual innocence, which would permit this Court to consider his first claim on the merits. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 654 (E.D. Mich. 2002). Since Allen pled no-contest to the second-degree murder charge in open court, he cannot pursue this avenue of relief. *See, e.g., Erdman v. Tessmer*, 69 F. Supp. 2d 955, 963 (E.D. Mich. 1999).

---

[3]*See* Application for Leave to Appeal, ECF No. 7-11, PageID.401-19.

For all these reasons, Allen fails to establish sufficient cause for not raising his first claim on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000).

      B.      *Allen Is Not Entitled to Relief on His Second Claim*

Allen contends that he pled no-contest to the charged offenses because his trial counsel mistakenly advised him that he would be eligible for parole after serving fifteen years on a parolable life sentence for second-degree murder (*i.e.*, the second claim in his habeas petition).

Criminal defendants must satisfy a two-pronged test to establish whether they received ineffective assistance of counsel under the federal constitution.   *First*, the defendant must demonstrate that, considering all the circumstances, counsel's performance was so deficient that the attorney was not functioning as "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   In so doing, the defendant must overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id*.   *Second*, the defendant must show that such performance prejudiced his defense, *i.e.*, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

To satisfy the prejudice requirement in the context of a guilty or no-contest plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would have proceeded to trial. *Premo v. Moore,* 562 U.S. 115, 129 (2011).   The Sixth Circuit has interpreted Supreme Court precedent as requiring federal habeas courts to analyze the substance of the petitioner's underlying claim or defense to ascertain whether he would likely have gone to trial. *See Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003).   Assessing whether the defendant would have proceeded to trial had he received different advice from counsel "is objective, not subjective; and thus, to obtain relief on this type of claim, a petitioner must convince the court that

a decision to reject the plea bargain would have been rational under the circumstances." *Pilla v. U.S.*, 668 F.3d 368, 373 (6th Cir. 2012) (quotation omitted).

Allen fails to show that counsel's advice was defective.  Although gross misadvice from counsel regarding parole eligibility may render a plea involuntary, *see Sparks v. Sowders*, 852 F.2d 882, 885–86 (6th Cir.1988), *abrogated in part by Padilla v. Kentucky*, 559 U.S. 356, 370-71 (2010) (standard for evaluating counsel's advice not limited to affirmative misadvice, as in *Sparks*, but may also include omissions), Allen cannot demonstrate that his counsel gave him erroneous advice concerning his eligibility for parole.  At the time of the plea, defense counsel placed on the record that he advised Allen that the terms of the plea and sentencing agreement called for a maximum term of life in prison and that he would be eligible for parole after serving fifteen years.  Counsel further explained to Allen that the parole board would ultimately determine whether to release him from prison.  (ECF No. 7-7, PageID.348).  This advice accurately reflects Allen's parole eligibility qualifications under Michigan law. Mich. Comp. Laws § 791.234(7)(a).

Allen likewise fails to show a reasonable probability that he could have prevailed had he insisted on going to trial or that he would have received a lesser sentence without pleading no-contest. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750 (E.D. Mich. 2005).

While Allen claims the victim's death occurred by accident, he declined to present any evidence to the state courts other than his self-serving statements.  Conclusory allegations of ineffective assistance of counsel, without evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998).  By failing to present any evidence to the state courts in support of his second claim, Allen is not entitled to an evidentiary hearing on habeas review. *See Cooey v. Coyle*, 289 F.3d 882, 893 (6th Cir. 2002) (citing 28 U.S.C. § 2254(e)(2)(A)(ii)).

One final point.  Allen received an advantageous plea bargain that reduced the initial first-degree murder charge to second-degree murder.  Under Michigan law, a conviction for first-degree murder requires a non-parolable life sentence; a conviction of second-degree murder does not. *See Perkins v. LeCureux*, 58 F.3d 214, 216 (6th Cir. 1995).  The favorable nature of this plea militates against a finding that counsel was ineffective. *See Plumaj v. Booker*, 629 F. App'x 662, 667 (6th Cir. 2015).  Consequently, Allen is not entitled to habeas relief on his second claim.

C.      *Allen's Third Claim Lacks Merit*

Because Allen's ineffective assistance of trial counsel claim lacks merit, the independent ineffective assistance of appellate counsel claim (the third claim in his habeas petition) fails as well.

"Appellate counsel cannot be found to be ineffective for failure to raise an issue that lacks merit." *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (cleaned up).  Insofar as Allen maintains that appellate counsel was ineffective for failing to raise his second claim on direct appeal – *i.e.*, that trial counsel provided Allen with incorrect advice about his parole eligibility – the record demonstrates that appellate counsel did, in fact, raise this claim on direct appeal. Appellate counsel was, therefore, not ineffective. *See Doyle v. Jones,* 452 F. App'x 836, 840 (10th Cir. 2011); *see also Riley v. Jones,* 476 F. Supp. 2d 696, 709-10 (E.D. Mich. 2007) (appellate counsel was not ineffective for omitting identification issue on direct appeal since it was closely related to issue that appellate counsel did raise on appeal and that issue was rejected as harmless error).

D.      *Certificate of Appealability*

Allen must obtain a certificate of appealability in the event he appeals this decision. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

On the other hand, when a district court denies habeas review on procedural grounds – without reaching the prisoner's underlying constitutional claims – a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that (1) reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and (2) that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court will deny Allen a certificate of appealability because he fails to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).  But since the issues he raises are not frivolous, an appeal could be taken in good faith and Allen may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).  Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is granted.


Dated: November 7, 2022
     Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on November 7, 2022.

**Demarcus Edward Allen**  #739194
CHIPPEWA CORRECTIONAL FACILITY
4269 W. M-80
KINCHELOE, MI 49784

s/Johnetta M. Curry-Williams
Case Manager